IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>BRICETON RICHARD GRANT,<br><br>Defendant. | Case No. 3:22-cr-078-DJN |

**STATEMENT OF FACTS**

The United States and the defendant, BRICETON RICHARD GRANT (hereinafter, "the defendant" or GRANT), agree that at trial, the United States would have proven the following facts beyond a reasonable doubt with admissible and credible evidence:

1. On or about November 10, 2021, in the Eastern District of Virginia and within the jurisdiction of this Court, the defendant did knowingly and intentionally possess with the intent to distribute 50 grams or more of methamphetamine, a Schedule II controlled substance, as set forth in Count Four of the pending Criminal Indictment.

2. On or about October 19, 2021, members of the Fredericksburg Police Department stopped an individual leaving the Super 8 Motel located at 3002 Mall Ct., Fredericksburg, Virginia. That person was found to be in possession of 884 grams of methamphetamine. The individual agreed to cooperate with law enforcement and an investigation was initiated to determine who the source of supply was for the methamphetamine recovered.

3. The defendant was subsequently identified, through additional investigative work by law enforcement, as the Source of Supply for the methamphetamine that was recovered as set forth in paragraph 2 above.



1

4. On or about October 27, 2021, members of the Safe Street Task Force (SSTF) and the Fredericksburg Regional Narcotics Task Force (FRNT) utilized a confidential source to make a controlled delivery of $16,000 in United States currency to GRANT as payment for the 884 grams of methamphetamine that GRANT had fronted to that CS earlier in the month (as set forth in paragraph 2 above).

5. On or about October 28, 2021, a Confidential Source (CS), acting under the direction of law enforcement, arranged to meet with GRANT at a prearranged location in Fredericksburg, Virginia. The purpose of the meeting was to purchase additional methamphetamine from GRANT. Prior to and after the controlled purchase, the CS was searched for contraband (drugs) and cash with negative results. GRANT and the CS then met at a pre-arranged location at which time GRANT handed the CS approximately four ounces (112 grams) of Methamphetamine. After distributing the Methamphetamine to the CS, surveillance teams observed GRANT return to the Super 8 Motel in Fredericksburg.

6. On or about November 2, 2021, a controlled purchase of methamphetamine was once again made from GRANT. The CS was searched before and after the transaction for contraband (drugs) and cash with negative results. The CS was given $1,200 as payment for the methamphetamine that had been purchased from GRANT on or about October 29, 2021 (as set forth in paragraph 5 above) by law enforcement. The defendant and the CS met at a prearranged location at which time the defendant handed the CS approximately three pounds (1.5 kilograms) of methamphetamine. The drugs GRANT handed to the CS were wrapped in aluminum foil. A subsequent examination found that the package contained three separate packages containing methamphetamine weighing approximately 3 pounds in total.



7. On November 10, 2021, members of the SSTF, FRNT, and the U.S. Marshals Service executed a search warrant at the Super 8 Motel, Room 221, Fredericksburg, Virginia. This was the room where GRANT had been staying. Upon making entry into the hotel room, GRANT was found to be the sole occupant. Items belonging to GRANT were found throughout the room. The search resulted in the seizure of approximately 3.5 pounds of Methamphetamine, approximately 90 pressed suspected fentanyl pills, approximately three grams of cocaine, and $4,590 in United States currency.

8. The drugs that were distributed by the defendant during the course of this investigation, as well as the drugs that were possessed by the defendant with the intent to distribute them (i.e. recovered during the search of his hotel room) were sent to the Virginia Department of Forensic Science for analysis with the results set forth in paragraph 9.

9. The parties stipulate and agree that the defendant distributed or possessed with the intent to distribute the following drugs between October 19, 2021 and November 10, 2021:

| DATE | SUBSTANCE | NET WEIGHT & PURITY |
|---|---|---|
| October 19, 2021 | Methamphetamine | 884 grams, purity pending* |
| October 28, 2021 | Methamphetamine | 112.26 grams, 96.5% +/- 8% |
| November 2, 2021 | Methamphetamine | 1325 grams, 97.7% +/- 7.7% |
| November 10, 2021** | Methamphetamine | 1299 grams, 99.2% +/- 8.7% |
| November 10, 2021** | Methamphetamine | 238 grams, 98.9% +/-8.4% |
| November 10, 2021** | 90 Fentanyl Pills | ----- |
| November 10, 2021** | Cocaine | 2.96 grams |

\* The parties stipulate that the purity level is in excess of 80% for these drugs.
\*\* These narcotics were recovered during the execution of a search warrant at the defendant's hotel.



10. The parties stipulate and agree that the quantity of methamphetamine and fentanyl that the defendant distributed and possessed, as described herein, is consistent with the intent to distribute and inconsistent with personal use.

11. This Statement of Facts includes those facts necessary to support the plea agreement between the defendant and the United States. It does not include each and every fact known to the defendant or to the United States, and it is not intended to be a full enumeration of all of the facts surrounding the defendant's case.

12. The actions of the defendant, as recounted above, were in all respects knowing and deliberate, and were not committed by mistake, accident, or other innocent reason.

Respectfully submitted,

Jessica D. Aber
United States Attorney

Date: June 21, 2022    By: _____
Angela Mastandrea-Miller
Assistant United States Attorney



4

After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant, BRICETON RICHARD GRANT, and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____
Briceton Richard Grant            Date
Defendant

I am Emily M. Munn, Esq., defendant's attorney. I have carefully reviewed the above Statement of Facts with my client. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

_____
Emily M. Munn, Esq.               Date
Attorney for Briceton R. Grant

