IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

UNITED STATES OF AMERICA,

v.　　　　　　　　　　　　　　　　　　　　　Criminal No. 3:22cr78 (DJN)

BRICETON RICHARD GRANT,
　　Petitioner.

**MEMORANDUM OPINION**

Briceton Richard Grant, a federal inmate proceeding *pro se*, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside or correct his federal conviction and sentence. ("§ 2255 Motion," ECF No. 38).[1] The Government has filed a Motion to Dismiss, arguing that Grant's § 2255 Motion is barred by the statute of limitations. (ECF No. 40.) Grant filed no response. For the reasons set forth below, the Motion to Dismiss will be granted and the § 2255 Motion will be denied.

### I.　　PROCEDURAL HISTORY

On June 7, 2022, a grand jury charged Grant with one count of conspiracy to distribute fifty grams or more of methamphetamine (Count One), two counts of distribution of fifty grams or more of methamphetamine (Counts Two and Three), and one count of possession with intent to distribute methamphetamine (Count Four). (ECF No. 18.) On June 21, 2022, Grant pled guilty to Count Four. (ECF No. 23, at 1.) On October 28, 2022, the Court entered judgment and sentenced Grant to 216 months of imprisonment. (ECF No. 36, at 2.) Grant did not appeal.

---

[1]　　The Court employs the pagination assigned to the parties' submissions by the CM/ECF docketing system. The Court corrects the spelling, punctuation, and capitalization in quotations from Grant's submission.

On June 11, 2024, Grant filed his § 2255 Motion.[2] (ECF No. 38.) Grant raises the following claim for relief:

>  Claim One: "The sole issue presented is whether Counsel Emily Munn rendered constitutionally deficient performance when she failed to file a Notice of Appeal as was instructed by Petitioner." (*Id.* at 2.)

As discussed below, Grant's § 2255 Motion is barred by the applicable statute of limitations.

## II.    ANALYSIS

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 to establish a one-year period of limitation for the filing of a § 2255 Motion. Specifically, 28 U.S.C. § 2255(f) now reads:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

---

[2] This is the day that Grant indicated that he placed the § 2255 motion in the prison mail system for mailing to this Court. (ECF No. 59, at 6.) The Court deems the § 2255 Motion filed as of that date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

### A.   28 U.S.C. § 2255(f)(1)

Because Grant did not appeal, under 28 U.S.C. § 2255(f)(1), his conviction became final on Friday, November 11, 2022, the last date to note an appeal. *See United States v. Clayton*, No. 3:07cr488, 2010 WL 4735762, at *3 (E.D. Va. Nov. 15, 2010) (citing *Arnette v. United States*, Nos. 4:01CR16, 4:04CV122, 2005 WL 1026711, at *4 (E.D. Va. May 2, 2005)). Hence, Grant had until Monday, November 13, 2023, to file a motion under 28 U.S.C. § 2255. Because Grant did not file his § 2255 motion until June 11, 2024, it is untimely pursuant to 28 U.S.C. § 2255(f)(1) unless he is entitled to a belated commencement or equitable tolling.

### B.   **Belated Commencement**

In his § 2255 Motion, Grant acknowledges that he had "one year from the date of judgment of conviction to file a 28 U.S.C. § 2255 motion." (ECF No. 38, at 2.) However, Grant offers no argument with respect to why his § 2255 Motion should be deemed timely filed. Nevertheless, because Grant's sole claim is that counsel failed to file an appeal on his behalf, the Court construes Grant's § 2255 Motion to argue that he is entitled to a belated commencement of the limitation period under § 2255(f)(4) and that he is entitled to equitable tolling of the limitation period.

#### 1.   **Failure to File an Appeal**

While Grant may be entitled to a belated commencement of the limitation period under 28 U.S.C. § 2255(f)(4) for his claim that counsel failed to file an appeal as instructed, it fails to make his § 2255 Motion timely. That provision provides that the limitation period should run from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4).

Whether a petitioner has exercised due diligence constitutes a fact-specific inquiry unique to each case. *Wims v. United States*, 225 F.3d 186, 190–91 (2d Cir. 2000). A petitioner bears the burden to prove that he or she exercised due diligence. *DiCenzi v. Rose*, 452 F.3d 465, 471 (6th Cir. 2006). "Due diligence . . . does not require a prisoner to undertake repeated exercises in futility or to exhaust every imaginable option." *Anjulo-Lopez v. United States*, 541 F.3d 814, 818 (8th Cir. 2008) (quoting *Aron v. United States*, 291 F.3d 708, 712 (11th Cir. 2002)). Due diligence, however, "at least require[s] that a prisoner make *reasonable* efforts to discover the facts supporting his claims." *Id.* (citation omitted). Moreover, in evaluating a petitioner's diligence, the Court must be mindful that the "statute's clear policy calls for promptness." *Johnson v. United States*, 544 U.S. 295, 311 (2005).

Counsel's failure to pursue an appeal was discoverable as of Monday, November 14, 2022, when it became apparent that counsel had not filed an appeal in the time required. *See Green v. Johnson*, 515 F.3d 290, 305 (4th Cir. 2008); *Wade v. Robinson*, 327 F.3d 328, 333 (4th Cir. 2003). Although Grant possessed the ability to discover his counsel's failure to appeal on November 14, 2022, "to require that he do so ignores the reality of the prison system and imposes an unreasonable burden on prisoners seeking to appeal." *Granger v. Hurt*, 90 F. App'x 97, 100 (6th Cir. 2004) (citing *Wims*, 225 F.3d at 190 n.4). While no "magic number" exists for the time afforded a reasonable prisoner to discover counsel failed to file a promised appeal, a petitioner must offer some evidence that he acted with due diligence. *Ryan v. United States*, 657 F.3d 604, 607–08 (7th Cir. 2011) (citation omitted) (finding that "a reasonable prisoner may take at least two months . . . to suspect that counsel has dropped the ball, contact counsel or the court, wait for a response, and verify the suspicion"); *see Granger*, 90 F. App'x at 100 (finding that a petitioner acted with due diligence when he waited two months to inquire about the requested

appeal). "[W]hen counsel's communications or lack thereof indicate that something is amiss with a petitioner's appeal, due diligence requires the petitioner to act on that information." *El-Abdu'llah v. Dir., Va. Dep't Corr.*, No. 3:07CV494, 2008 WL 2329714, at *2 (E.D. Va. June 4, 2008) (citations omitted).

Here, according to Grant, "[a]fter the sentencing I had requested counsel to file a Notice of Appeal." (ECF No. 38, at 5.) Grant also indicates that he had a "communication to counsel dated December 14, 2022," and attaches a letter that may or may not have been mailed asking about the status of his appeal. (*Id.* at 2; ECF No. 38-1, at 1.) After this December 14, 2022 letter, Grant fails to indicate that he had any further contact with counsel about the requested appeal or that he attempted to contact the United States Court of Appeals for the Fourth Circuit to find out the status of his appeal. Under these circumstances, a petitioner acting with reasonable diligence would have contacted the Fourth Court by January 14, 2023, within two months of the appeal period expiring, to learn the status of his pending appeal. However, even with a belated commencement of the limitation period until January 14, 2023, the § 2255 Motion is untimely because it was not filed until a year and five months later. Grant's suggestion for why he should be entitled to a belated commencement is unavailing.

### C. Equitable Tolling

Motions pursuant to § 2255 are subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645–46 (2010). The Supreme Court has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). An inmate asserting equitable tolling "bears a strong burden to show specific facts" that demonstrate he fulfills both elements of the

test. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)). To make the requisite showing of diligence, the petitioner "must allege *with specificity* the steps he took to diligently pursue his federal claims." *Id.* at 929–30 (emphasis added).[3]

Little discussion is needed here, because as discussed above, Grant was not reasonably diligent in determining the status of his alleged appeal, and no extraordinary circumstances stood in his way of filing his § 2255 Motion. Grant did exactly nothing for nearly one and a half years before he decided to file his § 2255 Motion complaining that counsel failed to file an appeal. In sum, Grant has failed to demonstrate any basis for excusing his failure to comply with the statute of limitations.[4]

---

[3] The diligence detailed by the petitioner in *Holland* stands in marked contrast to Grant's allegations here. *See* 560 U.S. 635–44. Holland provided the courts with a detailed description of his efforts to pursue habeas relief. *See id.* From that description, the Supreme Court was able to conclude that Holland acted with sufficient diligence, because:

> Holland not only wrote his attorney numerous letters seeking crucial information and providing direction; he also repeatedly contacted the state courts, their clerks, and the Florida State Bar Association in an effort to have Collins—the central impediment to the pursuit of his legal remedy—removed from his case. And, the *very day* that Holland discovered that his AEDPA clock had expired due to Collins' failings, Holland prepared his own habeas petition *pro se* and promptly filed it with the District Court.

*Id.* at 653.

[4] Neither Grant nor the record suggest a basis for a belated commencement of the limitation period under 28 U.S.C. § 2255(f)(2) or (3).

6

### III.    CONCLUSION

For the foregoing reasons, the Motion to Dismiss (ECF No. 40) will be granted. Grant's § 2255 Motion (ECF No. 38) will be DENIED. The action will be DISMISSED. A certificate of appealability will be DENIED.

An appropriate Final Order will accompany this Memorandum Opinion.

Let the Clerk file a copy of the Memorandum Opinion electronically and send a copy to Grant.

                                                    /s/
                                     David J. Novak
                                     United States District Judge

Richmond, Virginia
Date: March 19, 2025